UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - v. -

CATANO ARAGON,
BIOJO TORRES ROBINSON GABRIEL,
JORGE CAVEZA VALENCIA, and
JHON CARLOS HURTADO RENDON

                Defendants.

- - - - - - - - - - - - - - - - - - - - - X

**SEALED COMPLAINT**

15 Mag.

DOC # 1

SOUTHERN DISTRICT OF NEW YORK, ss.:

        ANDRES MAHECHA, being duly sworn, deposes and says that he is a Detective with the New York City Police Department (the "NYPD") and a Task Force Officer with the Department of Homeland Security ("HSI"), and charges as follows:

## COUNT ONE

(Conspiracy To Violate Maritime Drug Enforcement Laws)

        1.  In or about April 2015, in Colombia, the high seas, and elsewhere, and in an offense begun and committed upon the high seas outside of the jurisdiction of any particular State or district of the United States, CATANO ARAGON, BIOJO TORRES ROBINSON GABRIEL, JORGE CAVEZA VALENCIA, and JHON CARLOS HURTADO RENDON, the defendants, who will be first brought to and enter the United States in the Southern District of New York, and others known and unknown, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the maritime drug enforcement laws of the United States.

        2.  It was a part and an object of the conspiracy that CATANO ARAGON, BIOJO TORRES ROBINSON GABRIEL, JORGE CAVEZA VALENCIA, and JHON CARLOS HURTADO RENDON, the defendants, and others known and unknown, would and did manufacture and distribute, and possess with intent to manufacture and distribute, a controlled substance on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70503(a)(1).

3. The controlled substance that CATANO ARAGON, BIOJO TORRES ROBINSON GABRIEL, JORGE CAVEZA VALENCIA, and JHON CARLOS HURTADO RENDON, the defendants, conspired to manufacture and distribute, and possess with intent to manufacture and distribute, on board a vessel subject to the jurisdiction of the United States, was five kilograms and more of mixtures and substances containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, in violation of Title 46, United States Code, Section 70506(a).

(Title 46, United States Code, Sections 70506(b) & 70504(b)(1); Title 18, United States Code, Section 3238.)

COUNT TWO

(Violation of Maritime Drug Enforcement Laws)

4. On or about April 14, 2015, in Colombia, the high seas, and elsewhere, and in an offense begun and committed upon the high seas outside of the jurisdiction of any particular State or district of the United States, CATANO ARAGON, BIOJO TORRES ROBINSON GABRIEL, JORGE CAVEZA VALENCIA, and JHON CARLOS HURTADO RENDON, the defendants, who will be first brought to and enter the United States in the Southern District of New York, manufactured and distributed, and possessed with intent to manufacture and distribute, while aboard a vessel subject to the jurisdiction of the United States, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers.

(Title 46, United States Code, Sections
70503(a)(1), 70504(b)(1), 70506(a);
Title 18, United States Code, Sections 3238 & 2.)

The bases for my knowledge and the foregoing charge are, in part, as follows:

5. I am a Detective with the NYPD and Task Force Officer with HSI. This Affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals. Because this Affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of

2

others are reported herein, they are reported in substance and in part, except where otherwise indicated.

      6. Based on my participation in the investigation, my conversations with other law enforcement agents, and my review of documents obtained during the investigation, I have learned, among other things, that:

      a. Special Agents with HSI have been investigating transfers of funds sent by a Colombian drug cartel to New York, New York, in connection with the cartel's drug trafficking activities. In or about April 2015, an HSI undercover agent received information that a shipment of cocaine was being sent from Colombia to Australia on or about April 14, 2015. HSI passed that information on to the United States Coast Guard ("Coast Guard").

      b. On or about April 14, 2015, a helicopter (the "Helicopter") assigned to a United States Navy frigate (the "Frigate") was patrolling an area approximately 135 nautical miles off the coast of the Isla de Coco, Costa Rica. An occupant ("Occupant-1") of the Helicopter observed a ship (the "Vessel") travelling in the water below. From the Helicopter, Occupant-1 saw packages on the deck of the Vessel, but was not able to see any indicia of the Vessel's nationality. Occupant-1 then saw packages being thrown overboard.

      c. After the packages were thrown overboard, the Vessel began moving again. After receiving directions to stop, the Vessel began to speed away. The Helicopter then fired warning shots at the Vessel and the Vessel stopped.

      d. The Frigate released a boat (the "Boat"), which recovered approximately 16 bales containing a substance that appeared to be cocaine from the water.

      e. The Frigate then pulled alongside the Vessel, and members of the United States Navy (the "Boarding Team") boarded the Vessel, pursuant to direction from the Coast Guard. CATANO ARAGON, BIOJO TORRES ROBINSON GABRIEL, JORGE CAVEZA VALENCIA, and JHON CARLOS HURTADO RENDON, the defendants, were aboard the Vessel.

      f. The Boarding Team searched the Vessel, and located, among other things, a GPS device (the "GPS") and a cellular telephone (the "Cellphone"). The Boarding Team scanned the GPS and Cellphone using a narcotics trace detector, which showed traces of cocaine on both devices.

g. The Frigate collected the remaining approximately 10 bales that were floating in the water. In total, approximately 26 bales, totaling approximately 550 kilograms, were recovered from the water. A sample was taken from the bales and field-tested. The sample tested positive for cocaine.

h. At the request of the Boarding Team, RENDON claimed that the Vessel was of Ecuadorian nationality, and had a home port of "Puerto Manta." The Boarding Team was able to observe that there were no registry numbers on the hull of the Vessel, and that there was a Colombian flag painted on the stern of the Vessel, which RENDON claimed to be an Ecuadorian flag. ARAGON, GABRIEL, VALENCIA, and RENDON all claimed to be Colombian citizens.

i. On or about April 14, 2015, pursuant to a treaty between the United States and Ecuador, the Coast Guard submitted an inquiry to Ecuadorian authorities as to whether the Vessel was registered to Ecuador or of Ecuadorian nationality. Ecuadorian authorities would not confirm or deny whether the Vessel was registered to Ecuador or of Ecuadorian nationality.

WHEREFORE, the deponent respectfully requests that CATANO ARAGON, BIOJO TORRES ROBINSON GABRIEL, JORGE CAVEZA VALENCIA, and JHON CARLOS HURTADO RENDON, the defendants, be arrested, and imprisoned or bailed, as the case may be.

ANDRES MAHECHA
Detective, NYPD

Sworn to before me this
20th day of April, 2015

HONORABLE RONALD L. ELLIS
United States Magistrate Judge
Southern District of New York

4